UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KELLIE WOOD, <br><br> Plaintiff <br><br> v. <br><br> PEORIA SCHOOL DISTRICT 150, <br> An Illinois Local Government Entity, <br> Defendant. | Case No._____ <br><br> **PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

Plaintiff KELLIE WOOD, by her attorney, JAMES M. KELLY of the JAMES KELLY LAW FIRM, respectfully submits the following complaint:

### JURISDICTION AND VENUE

1. This action arises under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, 42 U.S.C § 1983, and the common law of the State of Illinois.

2. This Court has jurisdiction pursuant to:

    a. 28 U.S.C. § 1331, giving district courts original jurisdiction over any civil actions arising under the Constitution, laws, or treaties of the United States.

    b. 28 U.S.C. § 1343(a), giving district courts original jurisdiction over any civil actions to redress the deprivation of right secured by the Constitution of the United States and to recover damages under any Act of Congress providing for the protection of civil rights.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as:

1

a. Plaintiff is domiciled in Peoria County, Illinois

b. Defendant is an Illinois local governmental entity operating a school system in Peoria County, Illinois

c. The events which give rise to this action occurred in Peoria County, Illinois

## COUNT I

## VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

1. Plaintiff was a math teacher for Defendant school district during the 2012-2013 school year.

2. On February 1, 2013, an employee of Defendant school district was arrested for engaging in unlawful sexual relations with a minor student of Defendant school district.

3. On April 8, 2013, Plaintiff was dismissed from employment with Defendant school district.

4. Defendant claims to have dismissed Plaintiff for insubordination, unprofessional conduct, unethical conduct, and poor performance in the area of professionalism.

5. Defendant claims—as reason for Plaintiff's dismissal—that Plaintiff was complicit in the acts of the arrested employee of Defendant school district. More specifically, Defendant claims that Plaintiff was aware that a teacher had engaged in sexual contact with a minor and that Plaintiff failed to report the matter to district administrators or the Illinois Department of Children and Family Services.

6. On April 11, 2013, Dr. Grenita Lathan, acting in her capacity as Superintendent of Peoria Manual Academy, stated:

> On January 31, 2013, a Manual student notified you [Plaintiff] that he had knowledge that Ms. Ludwig and another Manual Student had engaged in sexual conduct, and that there was a video recording of the incident. On that same day, Ms. Ludwig also informed you there was a rumor going around the school regarding the videotape, although she denied that the videotape existed. Despite having received this information about the alleged videotape from both a Manual student and Ms. Ludwig herself, you failed to report this information to District administration.

A copy of the statement is attached as exhibit 1.

7. Defendant's claims regarding Plaintiff's knowledge of the child sexual abuse are patently false.

8. The Illinois State Board of Education has conducted its own investigation into Plaintiff's involvement in the child sexual abuse, and decided that Plaintiff did not engage in any wrongdoing.

9. Despite the falsity of Ms. Lathan's statement, Defendant caused and/or allowed the publication of the statement to multiple media outlets including, but not limited to, the Peoria Journal Star and the Springfield State Journal Register. The Journal Star and State Journal Register each published an article containing the false claims on April 18, 2013.

10. Plaintiff has been unable to find employment as a teacher since the dissemination of the false claims made by Defendant.

11. At all times relevant to this complaint, Plaintiff had a substantial liberty interest in her reputation, honor, and integrity.

12. After her dismissal and the claims made by Defendant school district, Plaintiff was entitled to a procedural opportunity to clear her name.

3

13. On May 14, 2013, Plaintiff asked Defendant to provide a name-clearing hearing so Plaintiff could have an opportunity to refute the charges made against her. Plaintiff's letter requesting such hearing is attached to this Complaint as exhibit 2.

14. On July 1, 2013, Defendant responded to Plaintiff, denying her request for a name-clearing hearing. Defendant's denial is attached to this Complaint as exhibit 3.

15. By denying Plaintiff the opportunity to clear her name, Defendant has violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

16. Furthermore, Plaintiff is entitled to recover monetary damages under 42 U.S.C. §1983.

17. As a direct and proximate result of Defendant's violation of Plaintiff's procedural due process rights, Plaintiff's reputation has been so damaged that she cannot secure employment as a teacher. Additionally, Plaintiff has suffered pain and suffering, mental anguish, loss of a normal life, and severe emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KELLIE WOOD, prays that Judgment be entered in her favor and against the Defendant for the following relief:

a. Compensatory damages in excess of $300,000, exclusive of costs and interest, that Plaintiff is found to be entitled;

b. Punitive damages against Defendant, PEORIA SCHOOL DISTRICT 150, in excess of $3,000,000, exclusive of costs and interest;

4

c. An award of costs of suit and reasonable attorney's fees;

d. Any other relief this Court deems just, equitable and proper.

                      Respectfully Submitted,

                      KELLIE WOOD,
                      Plaintiff

                By:   */s/ James M. Kelly*
                        JAMES M. KELLY

James M. Kelly, Attorney ID #41135
James Kelly Law Firm
4801 N. Prospect Rd.
Peoria Heights, IL 61616
Phone (309) 679-0900
Fax (309) 679-0919



**PEORIA public schools**
Where remarkable happens every day

                            3202 N. Wisconsin Ave.
                            Peoria, IL 61603
                            Ph:   (309) 672-6768
                            Fax: (309) 672-6708

March 1, 2013

<u>**Via Personal Delivery and First Class Mail**</u>

Ms. Kellie Wood
1011 Glenwood
Peoria, IL 61606

RE:    **Formal Letter of Reprimand**

Dear Ms. Wood:

This letter constitutes an official letter of reprimand as a result of your insubordination and unprofessional conduct as explained more fully below. As you aware, the Board of Education recently conducted an investigation into allegations that you had knowledge of a sexual relationship between teacher Amanda Ludwig and a District student, and that you failed to report your knowledge of the relationship to District administration and the Illinois Department of Child and Family Services ("DCFS").

After review of the findings from the District's investigation, I have determined that there is not enough direct evidence to conclude that you had express knowledge of the inappropriate and sexual relationship between Ms. Ludwig and a Manual High School student. However, I have concluded that you engaged in insubordinate and unprofessional conduct by engaging in the following:

- On January 31, 2013, a Manual student notified you that he had knowledge that Ms. Ludwig and another Manual Student had engaged in sexual contact, and that there was a video recording of the incident. On that same day, Ms. Ludwig also informed you there was a rumor going around the school regarding the videotape, although she denied that the videotape existed. Despite having received this information about the alleged videotape from both a Manual student and Ms. Ludwig herself, you failed to report this information to District administration.

- In a letter notifying you of your placement on administrative leave, dated February 4, 2013, you were specifically directed not to contact or otherwise communicate with District employees during your leave. Despite this directive, you contacted a District employee via text message on several occasions during your leave, and admitted to contacting this employee during the District's investigation.



PLAINTIFF'S EXHIBIT 1

- On February 1, 2013, you brought a minor, not currently enrolled in the District, into the school building and your classroom through a back, locked door, violating the school's door safety policy.

As a result, I have concluded that you have engaged in insubordination and unprofessional conduct by failing to report the information regarding Ms. Ludwig to District administration, failing to follow the directive from District administration by contacting District employees during your administrative leave, and bringing a minor onto school property in violation of the school's safety policy.

As Superintendent, I am troubled by your lack of professionalism and, as a result, I am issuing this formal letter of reprimand for your unprofessional conduct and insubordination. For the reasons noted above, a recommendation for your non-renewal as a teacher in this District will be forwarded to the Board of Education for consideration and approval at its meeting on April 8, 2013.

For the time you remain employed at District 150, you are directed to immediately report your knowledge of any suspected child abuse or neglect to both DCFS and District administration. Moreover, you are expected to follow all directives from your supervisors and are directed to follow the school's safety policy and bring any school visitor through the main door and school office. I must stress that any similar incidents of misconduct or insubordination from this point forward will result in further disciplinary consequences, up to and including your immediate dismissal from your employment.

If you have further questions, please contact me.

Sincerely,

*[signature]*

Dr. Grenita Lathan
Superintendent


cc   Board of Education
     Personnel File

237571_3.DOCX



**JAMES M. KELLY**
ATTORNEY AT LAW

May 14, 2013

Geri Hammer
Director, Employee Services
Peoria SD 150
3202 N Wisconsin
Peoria, IL 61603

Lana Myers
Vice President, Peoria Federation of Teachers 780
400 Ne Jefferson Ave Ste 310
Peoria, IL 61603

Dear Ms. Hammer and Ms. Myers,

I represent Kellie Wood regarding her termination from Peoria School District 150. We would like to meet with you, or—if you are not in charge of employment hiring and termination—those persons employed by Peoria School District 150 who have that responsibility, to discuss the following matters:

1. Whether Ms. Wood may return to her previously-held position at Peoria School District 150, as the basis for her termination has been determined to be unfounded.

2. Whether Ms. Wood may have an opportunity to refute the charges made against her, as those charges have seriously damaged her standing and associations in the community.

I look forward to hearing from you regarding this matter.

Very Truly Yours,

/s/ James M. Kelly
James M. Kelly



4801 N. PROSPECT ROAD
PEORIA HEIGHTS, IL 61616

P    309 679 0900
F    309 679 0919
C    309 453 8889

jimkellylaw@aol.com

# Hodges Loizzi
# Eisenhammer Rodick & Kohn LLP

*Nina R. Gougis*
ngougis@hlerk.com

July 1, 2013

**Via Facsimile and First Class Mail**

James Kelly
Kelly Law Office
4801 N. Prospect Road
Peoria Heights, Illinois 61616

**RE:   Kellie Wood**

Dear Mr. Kelly:

I am writing in response to your letter to Geri Hammer, dated May 14, 2013, in which you requested Kellie Wood's reinstatement to her position as a teacher for Peoria Public School District No. 150, as well as the witness statements we received on June 24, 2013. We serve as legal counsel for the Board of Education; as a result, please direct all communication related to this matter to our office. As explained in more detail below, the District has complied with all legal requirements with regard to Ms. Wood's dismissal and, therefore, denies your request for reinstatement.

As you know, Ms. Wood was a fourth-year probationary teacher prior to her dismissal from the District. In order to dismiss Ms. Wood as a probationary teacher, the District was required to fulfill only two requirements under Section 24-11 of the Illinois *School Code*: (1) provide her with written notice of her dismissal at least 45 days prior to the end of the school term; and (2) include the reasons for her dismissal in the written notice. 105 ILCS 5/24-11(f). The District complied with both of these requirements. Additionally, the District was permitted to dismiss Ms. Wood *for any reason* as a fourth-year probationary teacher, as long as proper notice was provided as defined in the statute.

Moreover, Ms. Wood was not entitled to a hearing before the Board as your letter suggests. Ms. Wood did not have a protectable property interest in reemployment with the District. To demonstrate a protectable property interest in continued employment for purposes of constitutional due process, an individual must have a "legitimate claim of entitlement to [his or her employment]." *Cole v. Milwaukee Area Tech. College Dist.*, 634 F.3d 901, 904 (7th Cir. 2011). *Id.* Whether a public employee has a protectable property interest in continued employment is determined under state law. *Wynn v. Bd. of Educ. of School Dist. No. 159*, 815 F.Supp.2d 1007, 1013 (N.D. Ill. 2011), citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 494 (7th Cir. 2010). As noted above, Ms. Wood had no legitimate entitlement to reemployment with the District under state law, as the District is free to dismiss Ms. Wood for any reason as long a proper notice was provided.

**PEORIA**
401 SW Water Street, Suite 106
Peoria, IL 61602
tel 309-671-9000   fax 847-670-7334
www.hlerk.com



Arlington Heights         O'Fallon         Peoria

## Hodges Loizzi
## Eisenhammer Rodick & Kohn LLP

James Kelly
July 1, 2013
Page 2

In closing, the District has complied with all legal requirements in dismissing Ms. Wood and will not reinstate her to her previous position. If you have any further questions or concerns or you believe that we have erred in our legal analysis in any way, you may contact attorney Michelle Todd or me directly.

Sincerely,

HODGES, LOIZZI, EISENHAMMER,
  RODICK & KOHN LLP

*Nina Gougis*

Nina R. Gougis

NRG/daw

Encl.

cc:     Dr. Grenita Lathan

245757_2.DOCX

PEORIA

401 SW Water Street, Suite 106
Peoria, IL 61602
tel 309-671-9000    fax 847-670-7334
www.hlerk.com

Arlington Heights          O'Fallon          Peoria